**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware _____
(State)

Case number (*If known*): _____ Chapter 11 ___

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Simply Interior Homes AcquisitionCo, LLC |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Soft Goods, LLC |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 9 9 _ 4 8 6 9 6 4 3 |

4. **Debtor's address**

**Principal place of business**

3042        Southcross Boulevard
Number        Street

Suite 102

Rock Hill                SC        29730
City                State        ZIP Code

York
County

**Mailing address, if different from principal place of business**

_____
Number        Street

_____
P.O. Box

_____
City                State        ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number        Street

_____

_____
City                State        ZIP Code

5. **Debtor's website** (URL)    https://simplyinteriorhomes.com/

Debtor     Simply Interior Homes AcquisitionCo, LLC
        Name               Case number *(if known)*_____

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding LLP)

❑ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

     4   2   3   2

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❑ Chapter 7

❑ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

     ❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

     ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

     ❑ A plan is being filed with this petition.

     ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

❑ Yes.   District _____ When _____ Case number _____
                                          MM / DD / YYYY

                District _____ When _____ Case number _____
                                          MM / DD / YYYY

Debtor   Simply Interior Homes AcquisitionCo, LLC
_____Name_____

Case number (*if known*)_____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor   See Rider _____   Relationship _____

District   Delaware _____   When _____
MM / DD / YYYY

Case number, if known   _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
Number          Street

_____

_____   _____ _____
City                                          State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name   _____

Phone   _____

---

### Statistical and administrative information

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☑ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Debtor    Simply Interior Homes AcquisitionCo, LLC
          Name

Case number (*if known*)_____

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/08/2026
              MM / DD / YYYY

✖  /s/ Adam Zalev
   Signature of authorized representative of debtor

Adam Zalev
Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

✖  /s/ L. Katherine Good
   Signature of attorney for debtor

Date  06/08/2026
      MM / DD / YYYY

L. Katherine Good
Printed name

Potter Anderson & Corroon LLP
Firm name

1313      North Market Street, 6th Floor
Number    Street

Wilmington                      DE        19801
City                            State     ZIP Code

(302) 984-6000                  kgood@potteranderson.com
Contact phone                   Email address

5101                            DE
Bar number                      State

## **Rider**

### **Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Simply Interior Homes, LLC.

- Simply Interior Homes, LLC

- Simply Interior Homes AcquisitionCo, LLC

- SIH Beckham Buyer, LLC

- SIH-HSD Holdings, LLC

- SIH-BB Holdings, LLC

- SIH-DMD Holdings, LLC

- SIH-SR Holdings, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Simply Interior Homes, LLC, *et al.*,[1] | Case No. 26-_____ (___) |
| Debtors. | (Joint Administration Pending) |

**COMBINED CORPORATE OWNERSHIP STATEMENT AND EQUITY HOLDER LIST
PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to rules 1007(a)(1) and 7007.1(a) of the Federal Rules of Bankruptcy Procedure, the debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Debtors"), hereby state as follows:

1.  No publicly traded corporation owns more than 10% of Debtor Simply Interior Homes AcquistionCo, LLC's equity interests.

2.  Debtor Simply Interior Homes AcquisitionCo, LLC is 100% owned by parent corporation Simply Interior Homes Intermediate, LLC, which is 100% owned by Simply Interior Homes Holdings, LLC, which is 100% owned by Simply Interior Homes Topco, LLC, which is 100% owned by Centre Lane Partners, LLC.

3.  Debtor Simply Interior Homes, LLC is 100% owned by Debtor Simply Interior Homes AcquisitionCo, LLC.

4.  Debtor SIH Beckham Buyer, LLC is 100% owned by Debtor Simply Interior Homes, AcquisitionCo, LLC.

5.  Debtor SIH-HSD Holdings, LLC is 100% owned by Debtor SIH Beckham Buyer, LLC.

6.  Debtor SIH-BB Holdings, LLC is 100% owned by Debtor SIH Beckham Buyer, LLC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  Simply Interior Homes, LLC (8509); Simply Interior Homes AcquisitionCo, LLC (9643); SIH Beckham Buyer, LLC (5210); SIH-HSD Holdings, LLC (5402); SIH-BB Holdings, LLC (2303); SIH-DMD Holdings, LLC (2411); and SIH-SR Holdings, LLC (1835).  The location of the Debtors' service address in these chapter 11 cases is 3042 Southcross Boulevard, Suite 102, Rock Hill, SC 29730.

7.  Debtor SIH-DMD Holdings, LLC is 100% owned by Debtor SIH Beckham Buyer, LLC.

8.  Debtor SIH-SR Holdings, LLC is 100% owned by Debtor SIH Beckham Buyer, LLC.

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   Simply Interior Homes, LLC |
| United States Bankruptcy Court for the:   District of Delaware |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   SIGMA VIETNAM INDUSTRIAL CO., LTD O/A 90 AV-AVI GIAO LONG INDUSTRIAL PARK II AN PHUOC COMMUNE CHAU THANH DISTRICT BEN TRE  930000  VIETNAM | PHONE: (84) 913 133 662 INFO@SIGMA-VN.COM | TRADE | | | | $3,010,254.23 |
| 2   NANTONG FARADY TEXTILE CO LTD WEST CHUANGANG CHUANJIANG TOWN TONGZHOU DISTRICT JIANGSU NANTONG CITY  CHINA | KEECOORDER@FARADYTEXTILE.COM | TRADE | | | | $2,877,362.72 |
| 3   ZHENJIANG DELI TEXTILE PRODUCTS CO LTD 202 YANGZI MIDDLE ROAD JIANGSU YANGZHONG  212200 CHINA | DL@CHENLFZ.COM | TRADE | | | | $2,824,255.49 |
| 4   OSALEY HOME FASHIONS CO., LTD - SAMOA LEVEL2 LOTEMAU CENTRE VAEA STREET APIA  SAMOA | WANLING@CHINGFENG.COM | TRADE | | | | $2,656,239.36 |

Debtor: Simply Interior Homes, LLC

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated,or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5   ORIENT INTERNATIONAL HOLDING SHANGHAI FOREIGN TRADE CO., LTD FLOOR 6-12, SUITE B ORIENT INTERNATIONAL BUILDING 85 LOU SHAN GUAN ROAD SHANGHAI  CHINA | YANYANQIAN2021@163.COM | TRADE | | | | $1,987,213.92 |
| 6   UNITED LINENS LIMITED NO 63 HAIER ROAD SUITE 701 BLDG 1 QINGDAO CHINA | PHONE: 86-532-55579399 BIZ@UNITEDLINENS.NET. | TRADE | | | | $1,685,659.37 |
| 7   QINGDAO BRILLIANTEX CO. LTD NO. 9 ZHANGZHOU ER ROAD QINGDAO CHINA | SALES@UNITEDLINENS.NET | TRADE | | | | $992,342.21 |
| 8   ITS LOGISTICS 50 W LIBERTY ST SUITE 401 RENO, NV  89501 | PHONE: (775) 501-3375 ZWEST@ITS4LOGISTICS.COM | TRADE | | | | $656,217.34 |
| 9   KAPOOR INDUSTRIES LIMITED 12TH MILESTONE VILLAGE MACHROLI G.T ROAD PANIPAT, HARYANA  132103  INDIA | PHONE: +91 180-257-2800 RAHUL.GULERI@ZAUBACORP.COM | TRADE | | | | $638,105.60 |
| 10   JONES DAY 250 VESEY STREET NEW YORK, NY  10281-1047 | PHONE: (212) 326-3939 DCROSSGROVE@JONESDAY.COM | TRADE | | | | $597,623.49 |
| 11   JIANGSU SKYMADE TEXTILE TECHNOLOGY CO., LTD SOUTH NANHUAN ROAD DAZHONG INDUSTRIAL PARK DAFENG CHINA | PHONE: 15851014421 SHIRLEYLU@JINYUETEX.COM | TRADE | | | | $579,916.42 |
| 12   U.S. CUSTOMS P.O. BOX 100769 ATLANTA, GA  30384 | PHONE: (877) 227-5511 MICHELLE.ZEBROWSKI@CBP.DHS.GOV | TRADE | | | | $512,075.55 |
| 13   FAZE THREE LIMITED OPP. GOVERNMENT SCHOOL GOHANA NATIONAL HIGHWAY 71 A VILL-MEHRANA DISTT. PANIPAT  132103  INDIA | PHONE: 918976817579 RUTVIK.KAMBLE@FAZETHREE.COM | TRADE | Unliquidated | | | $381,553.81 |
| 14   ALL STRONG INDUSTRY USA INC 326 PASEO TESORO WALNUT, CA  91789 | PHONE: (770) 237-0036 CHOWARD@ALLSTRONGUSA.COM | TRADE | | | | $358,604.54 |
| 15   ALL BLINDS CO., LTD. 9F, NO.91, NAN KING EAST ROAD SEC.3, ROC TAIPEI  10487 TAIWAN | PHONE: 575-89175706 SHERRY@ABCBLINDS.COM.TW | TRADE | | | | $326,327.46 |

Official Form 204   **Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims**   Page 2

Debtor:  Simply Interior Homes, LLC                                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated,or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16  WELSPUN GLOBAL BRANDS LIMITED WELSPUN HOUSE 6TH FLOOR SENAPATI BAPAT MARG LOWER PAREL (WEST) KAMALA CITY  MUMBAI  400013  INDIA | PHONE: 919664452989 SHREERAM_SHARMA@WELSPUN.COM | TRADE | | | | $314,387.92 |
| 17  YANTAI PACIFIC HOME FASHION CO., LTD. NO. 28 YINGFU ROAD FUSHAN DISTRICT YANTAI SHANDONG CHINA | PHONE: 0086-535-8013918 PHF-KEECOORDER@PACIFICHOMEFASHION.NET | TRADE | | | | $305,439.50 |
| 18  HUIZHOU HUIYANG DISTRICT GUANGDI INDUSTRIAL CO., LTD XINXING INDUSTRIAL ZONE CHANGBU VILLAGE XINWEI TOWN HUIYANG 516223  CHINA | PHONE: 07523532835 OFFICE@GRANDICHINA.COM | TRADE | | | | $250,504.50 |
| 19  SVM GLOBAL D-45 & 46, SECTOR 63 UP NOIDA  201301 INDIA | PHONE: 9711302650 | TRADE | | | | $187,847.16 |
| 20  NANTONG WELL TEXTILE SCIENCE AND TECHNOLOGY CO. LTD O/A90 INDUSTRIAL PARK WUJIA TOWN TONGZHOU DISTRICT  NANTONG CHINA | YIJIAREN@NTWELLFZ.COM | TRADE | | | | $126,144.98 |
| 21  FEDEX 1250 TOM HALL ST FORT MILL SC  29715 | PHONE: (901) 818-7500 GABRIEL.BEYL@FEDEX.COM | TRADE | | | | $122,420.20 |
| 22  BLAKE, CASSELS & GRAYDON LLP 199 BAY STREET SUITE 4000 TORONTO, ON CANADA | PHONE: (416) 863-2400 MELANIE.NASH@BLAKES.COM | TRADE | | | | $121,807.54 |
| 23  LAUFER GROUP INTERNATIONAL LTD. PO BOX 780977 PHILADELPHIA, PA  19178-0977 | PHONE: (562) 628-1111 MABUBAKAR@LAUFER.COM | TRADE | | | | $116,325.00 |
| 24  GDR HOME FASHIONS PVT. LTD SHIMLA MOLANA ROAD SEC-40 BABARPUR PANIPAT  132103  INDIA | PHONE: 0091 9896333035 DIVAY@GDRHOMEFASHIONS.COM | TRADE | | | | $115,172.00 |

Debtor: Simply Interior Homes, LLC

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated,or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25   MOHAN SPINTEX INDIA LIMITED PLOT NO. 16, SY.NOS. 11/1,11/3,11/4,11/7,11/8 MOHAN SPINTEX INDIA LTD, UNIT 4 BAPULAPADU MANDAL, MODEL INDUSTRIAL PARK MALLAVALLI, ANDHRA PRADESH 521111  INDIA | PHONE: 0866-2972740 MD@MOHANSPINTEX.COM | TRADE | | | | $84,191.56 |
| 26   CROWE LLP 320 EAST JEFFERSON BLVD. SOUTH BEND, IN  46601 | PHONE: (800) 599-2216 MICHAEL.LUX@CROWE.COM | TRADE | | | | $78,750.00 |
| 27   ZHEJIANG YUANZHENG FABRIC ART CO., LTD 99 BINJIANG ROAD YUYUE TOWN DEQING COUNTY HUZHOU  CHINA | PHONE: 86 571 26282126 ECHO@YUANZHENGFABRIC.COM | TRADE | | | | $65,569.84 |
| 28   CIRCANA 203 N. LASALLE ST SUITE 1500 CHICAGO, IL  60601 | PHONE: (312) 726-1221 ACCOUNTS.RECEIVABLE.US @CIRCANA.COM | TRADE | | | | $64,174.00 |
| 29   SUN DRAGON LOGISTICS INC 376 LEMON CREEK DRIVE SUITE B WALNUT, CA  91789 | PHONE: (626) 600-7188 INFO@SUNDRAGONLOGISTICS.COM | TRADE | | | | $63,735.00 |
| 30   HUAZHEN LOGISTICS INC. 1377 PIEMONTE DR PLEASANTON, CA  94566 | OPUSA@HUAZHEN-LOGGING.COM | TRADE | | | | $59,249.00 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims**    Page 4

**Fill in this information to identify the case and this filing:**

Debtor Name: Simply Interior Homes AcquisitionCo, LLC

United States Bankruptcy Court for the: _____   District of Delaware
(State)
Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❏ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❏ *Schedule H: Codebtors* (Official Form 206H)

❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❏ Amended *Schedule*

**X** *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

**X** Other documents that requires a declaration: Combined Corporate Ownership Statement and Equity Holder List

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 06/08/2026
MM/DD/YYYY

✗ */s/ Adam Zalev*
Signature of individual signing on behalf of debtor

Adam Zalev
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS ACTION BY WRITTEN CONSENT OF THE**
**GOVERNING BODIES OF SIMPLY INTERIOR HOMES ACQUISITIONCO, LLC**
**(F/K/A SOFT GOODS, LLC) AND SIMPLY INTERIOR HOMES, LLC**

June 7, 2026

The undersigned (each a "Governing Body" and collectively, the "Governing Bodies"), being (i) sole member of the board of managers of Simply Interior Homes AcquisitionCo, LLC, a Delaware limited liability company ("SIHA"); and (ii) sole member of Simply Interior Homes, LLC, a Delaware limited liability company ("SIH" together with SIHA each a "Company" and collectively, the "Companies"), hereby unanimously consent to the adoption of the following resolutions (the "Resolutions") and direct that this action by written consent (this "Consent") be filed in the records of each of the Companies.

**WHEREAS**, the Companies, Simply Interior Homes Intermediate, LLC (f/k/a Soft Goods Intermediate, LLC), a Delaware limited liability company ("Holdings"), Great Rock Capital Partners Management, LLC, as Administrative Agent, and each lender from time to time party thereto (collectively, the "Lenders" and individually, a "Lender") are party to that certain Credit Agreement, dated as of February 21, 2025 (as amended by that certain First Amendment to Credit and Guaranty Agreement, dated as of April 4, 2025, that certain Second Amendment to Credit and Guaranty Agreement, effective as of May 22, 2025, that certain Third Amendment to Credit and Guaranty Agreement, effective as of June 10, 2025, that certain Fourth Amendment to Credit and Guaranty Agreement, dated as of June 30, 2025, and as may be further amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Credit Agreement");

**WHEREAS**, as a result of the occurrence of certain Events of Default under the Credit Agreement (the "Specified Defaults"), the Companies and Holdings requested that Administrative Agent and Lenders forbear from exercising their rights and remedies under the Credit Agreement and the other Loan Documents (as defined in the Credit Agreement) and under applicable law arising in connection with the Specified Defaults;

**WHEREAS**, on April 27, 2026, as a result of the occurrence of the Specified Defaults, the Administrative Agent provided a Notice of Exercise of Proxy Right, whereby the Administrative Agent exercised the voting and other consensual rights it is entitled to under the Loan Documents with respect to the equity interests of SIHA and SIH;

**WHEREAS**, on May 11, 2026 ("Forbearance Effective Date"), the Companies, Holdings, the Administrative Agent, and the Lenders, entered into that certain Forbearance Agreement (the "Forbearance Agreement"), whereby the Companies and Holdings acknowledged, confirmed and agreed that (a) each Specified Default occurred and was continuing as of the Forbearance Effective Date; (b) each Specified Default constituted an Event of Default under the Loan Documents; and (c) in the absence of this Forbearance Agreement, the occurrence of the Specified Defaults entitled the Administrative Agent and Lenders to exercise their rights and remedies under the Loan Documents, applicable law, and otherwise, including, without limitation, the right to declare all Obligations (as defined in the Credit Agreement) to be immediately due and payable;

ACTIVE/207559146.2

**WHEREAS**, pursuant to the Forbearance Agreement, the Administrative Agent and Lenders agreed to forbear from exercising their rights and remedies under the Loan Documents, applicable law, and otherwise until the Forbearance Termination Date (as defined in the Forbearance Agreement);

**WHEREAS**, as of the date hereof, the Administrative Agent and the Lenders have extended the Forbearance Termination Date to May 26, 2026;

**WHEREAS,** the Companies are currently in over-advance under their Credit Agreement, and the Lenders are not required to continue providing funding;

**WHEREAS**, management and the Companies' financial and legal advisors have presented to the Governing Bodies materials regarding, among other things, the Companies' liquidity situation, funding sources, and strategic alternatives; and

**WHEREAS**, each Governing Body, having considered the Companies' liquidity position and all available strategic alternatives, has determined in the exercise of its respective business judgment that given the current facts and circumstances confronting each respective Company, it is advisable and in the best interests of each respective Company, its creditors, employees, stakeholders and other interested parties that each Company begin preparations to commence, on a date to be determined (at the sole and absolute discretion of the applicable Governing Body), a proceeding under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") as a debtor in possession ("Chapter 11 Proceeding");

**WHEREAS**, in connection with the foregoing, each Governing Body has determined in the exercise of its respective business judgment that it is advisable and in the best interests of each respective Company, its creditors, employees, stakeholders and other interested parties that each Company appoint a Chief Restructuring Officer of such Company (the "CRO"), who shall be vested with such powers and authorized to perform such duties as the applicable Governing Body may delegate to him from time to time;

**WHEREAS**,  each  Governing Body has determined in the exercise of its respective business judgment that it is advisable and in the best interests of each respective Company to (i) engage and retain Reflect Advisors, LLC ("Reflect") to act as financial advisor to such Company and provide such Company with restructuring advisors and support personnel, including, without limitation, Adam Zalev, Managing Director of Reflect, who shall serve as the CRO of such Company, (ii) engage and retain the law firm of Goodwin Procter LLP as general bankruptcy co-counsel of such Company; (iii) engage and retain the law firm of Potter Anderson & Corroon LLP, as general bankruptcy co-counsel of such Company; (iv) engage and retain Epiq Corporate Restructuring, LLC ("Epiq") as claims and noticing agent; and (v) engage and retain Rock Creek Advisors, LLC ("Rock Creek"), as sales agent, each to represent and assist each respective Company in carrying out its respective duties and responsibilities and exercising its respective rights under the Bankruptcy Code and any applicable law; and

**WHEREAS**, each Governing Body has determined, in the exercise of its respective business judgment, that adoption of the following resolutions is advisable and in the best interests of each respective Company, its creditors, employees, stakeholders and other interested parties.

ACTIVE/207559146.2

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the business judgment of each Governing Body it is desirable and in the best interests of each respective Company, its creditors, employees, stakeholders and other interested parties that each Company file, or cause to be filed, a voluntary petition and related documents seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and that the filing of such petition and related documents in the name and on behalf of each Company to commence a Chapter 11 Proceeding, and the commencement of the Chapter 11 Proceeding, be, and hereby are, authorized and approved in all respects;

**FURTHER RESOLVED,** that, Mr. Zalev be, and hereby is, appointed CRO of each respective Company, to serve as CRO of such Company until the earlier of his removal or resignation, and be, and hereby is, vested with such powers and authorized and directed to perform such duties as the Governing Body of such Company may delegate to him from time to time;

**FURTHER RESOLVED**, that each applicable Authorized Officer (as defined herein), be, and hereby is, acting alone authorized to execute and verify such voluntary petition and related documents in the name of each respective Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware in such form and at such time as such applicable Authorized Officer executing said petition on behalf of such Company shall determine;

**FURTHER RESOLVED**, that each applicable Authorized Officer (as defined herein), be, and hereby is, acting alone, authorized, empowered and directed to engage and retain the following professionals on behalf of each respective Company: (i) Reflect, as financial advisor and provider of restructuring advisors and support personnel, (ii) the law firm of Goodwin Procter LLP, as general bankruptcy co-counsel, (iii) the law firm of Potter Anderson & Corroon LLP, as general bankruptcy co-counsel, (iv) Epiq, as claims and noticing agent; (v) Rock Creek, as sales agent, and (vi) any other legal counsel, accountants, financial advisors, claims agents, restructuring advisors or other professionals such Authorized Officer deems necessary, advisable, desirable, or appropriate; each to represent and assist each respective Company in carrying out its respective duties and responsibilities and exercising its respective rights under the Bankruptcy Code and any applicable law;

**RESOLVED FURTHER**, that each of [the CRO and] the officers of the applicable Companies (the "Authorized Officers") be, and each of them acting alone hereby is, authorized, empowered and directed, in the name and on behalf of the applicable Company, to make all such arrangements, to take all such further actions, to cause to be prepared and filed all such documents, to make all expenditures and incur all expenses and to execute and deliver, in the name of and on behalf of such Company, all agreements, instruments, certificates and documents as they deem necessary, appropriate or advisable in order to fully effectuate the purpose of each and all of the foregoing resolutions and the execution by such Authorized Officers of any such agreement, instrument, document or certificate or the payment of any such expenditures or expenses or the doing by them of any act in connection with the foregoing matters shall conclusively establish their authority therefor from such Company and the approval and ratification by such Company of

the agreement, instrument, document or certificate so executed, the expenses or expenditures so paid and the action so taken;

RESOLVED FURTHER, that all actions previously taken by the applicable Authorized Officers or Governing Bodies and any employees, advisors, legal counsel or agents designated or directed by any such Authorized Officer or Governing Bodies, as applicable, in connection with any matter referred to in or contemplated by any of the foregoing resolutions are hereby ratified, confirmed and approved in all respects as fully as if such actions had been presented to the applicable Governing Body for its approval prior to such actions being taken;

RESOLVED FURTHER, that, in connection with the Chapter 11 Proceeding, each applicable Authorized Officer be, and hereby is, authorized and empowered, acting alone, on behalf of and in the name of each respective Company, to file a motion and related bidding procedures to market the assets of such Company, and commence a bidding and sale process for the assets of such Company and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code; provided, however, any decision to accept an offer to purchase the assets of such Company shall be subject to further approval by the applicable Governing Body;

RESOLVED FURTHER, that in connection with the Chapter 11 Proceeding, each applicable Authorized Officer be, and hereby is, authorized and empowered, acting alone, on behalf and in the name of each respective Company, to negotiate, execute, deliver, and perform or cause the performance of (i) that certain ABL DIP Financing Term Sheet, by and among, *inter alios*, the DIP Loan Parties, GRC SPV Investments, LLC and Wingspire Capital, LLC as the lenders thereto (collectively, the "DIP Lenders") and Great Rock Capital Partners Management, LLC, in its capacity as administrative agent and collateral agent (in such capacities, together with the DIP Lenders, the "DIP Secured Parties," together with the Prepetition Secured Parties (as defined herein), the "Secured Parties") (as it may be amended, restated, supplemented, modified, extended, waived, or replaced from time to time, the "DIP Term Sheet," and together with all other agreements, schedules, exhibits, certificates, and other definitive documentation entered into in connection therewith, the "DIP Loan Documents") on substantially the terms and subject to the conditions described to the Governing Body and as set forth in the DIP Term Sheet or as may hereafter be authorized by the applicable Governing Body or such applicable Authorized Officer; (ii) any and all transactions contemplated by the DIP Term Sheet, including, without limitation, the payment of any fees and expenses payable under the DIP Loan Documents and the grant of security interests in and liens upon (including priming liens) some, any or all of the assets of such Company, as any such applicable Authorized Officer executing the same may consider necessary, proper or desirable, such determination to be evidenced by such execution; (iii) the DIP Loan Documents to which such Company is a party and any and all agreements or instruments on behalf of such Company necessary or advisable in order to consummate the transactions contemplated under the DIP Loan Documents, the performance of the obligations of such Company and grant of security interest contemplated thereby and the guaranty of the obligations thereunder, with such changes to the DIP Loan Documents or additions thereto as such applicable Authorized Officer executing the same shall approve as being necessary or desirable, such approval to be conclusively evidenced by such execution; and (iv) any and all amendments, supplements and changes to the

ACTIVE/207559146.2

DIP Loan Documents, as any such applicable Authorized Officer executing the same may consider necessary, proper or desirable, such determination to be conclusively evidenced by such execution;

**RESOLVED FURTHER,** that the form, terms and provisions of the DIP Term Sheet and each of the other DIP Loan Documents to which a Company is a party be, and the same hereby are, in all respects approved, and that any applicable Authorized Officer is hereby authorized and empowered, in the name of and on behalf of such Company, to execute and deliver the DIP Term Sheet and each of the DIP Loan Documents to which such Company is a party, each in the form or substantially in the form thereof submitted to the applicable Governing Body, with such changes, additions and modifications thereto as any such applicable Authorized Officer executing the same may consider necessary, proper or desirable, such determination to be conclusively evidenced by such execution;

**RESOLVED FURTHER,** that notwithstanding anything to the contrary stated herein, each Governing Body, in its sole and absolute discretion, may abandon preparations to commence a Chapter 11 Proceeding for each respective Company;

**RESOLVED FURTHER**, that this Consent be filed with the records of the meetings of the applicable Governing Body; and

**RESOLVED FURTHER,** that this Consent may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Counterparts may be delivered via facsimile, electronic mail (including pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, e.g., www.docusign.com) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

*    *    *

ACTIVE/207559146.2

**IN WITNESS WHEREOF**, each of the undersigned executes this Consent effective as of the date first listed above.

**GOVERNING BODY OF SIMPLY INTERIOR HOMES ACQUISITIONCO, LLC:**

Signed by:

*Stuart Kaufman*

E3073A7409CA496...

Stuart Kaufman
Independent Manager

**GOVERNING BODY OF SIMPLY INTERIOR HOMES, LLC:**

SIMPLY INTERIOR HOMES ACQUISITIONCO, LLC

Signed by:

*Stuart Kaufman*

E3073A7409CA496...

Name: Stuart Kaufman
Title: Authorized Signatory